IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN HARPER, | |
| *Plaintiff*, | |
| v. | Civil No. 24-240 PJM |
| LVNV FUNDING, LLC, | |
| *Defendants*. | |

## **MEMORANDUM OPINION**

Plaintiff Alvin Harper, *pro se*, has sued Defendant LVNV Funding, LLC ("LVNV") for LVNV's alleged willful noncompliance with several federal statutes, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, among others. The Court considers LVNV's Motion for Summary Judgment (ECF No. 13) as to all claims, which is unopposed. The Court finds no hearing necessary. D. Md. Local R. 105.6. For the following reasons, LVNV's Motion for Summary Judgment is **GRANTED**.

### I.   BACKGROUND

On January 24, 2024, Harper filed a *pro se* Complaint alleging the following in its entirety:

> LVNV FUNDING LLC has committed numerous violations against the policies and codes that govern the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. The following codes are the violations committed against my Transunion Credit File: 15 USC 1681 Section 602, 15 USC 6801, 15 USC 1681 Section 604 (A) Section 2, 15 USC 6802 (B)(C), 15 USC 1681C (A)(5), 15 USC 1681S-2(A)(l), 15 USC 1681E, 12 CFR 1016.7, and UCC 3-203.
>
> I am filing this case in The United States District Court of Maryland because this is the proper venue to handle this matter concerning the compensatory and punitive damages due to the Plaintiff caused by

1

> the Defendants knowingly and willful noncompliance of the laws in place to regulate these violations.
>
> Due to the nature of the violations committed against The Plaintiff by LVNV FUNDING LLC, I would like to be compensated for these egregious violations that were committed knowingly and in willful noncompliance of the laws in place that regulate such violations.
>
> I am seeking $25,000.00 in compensatory and punitive damages from the defendant. Also, I would like for LVNV FUNDING LLC to remove this fraudulent account on my Experian and Equifax Credit File. My Proof of Claim is the removal of said account from my Transunion Credit File on 12/23/2023.

ECF No. 1.

LVNV filed a timely Answer denying Harper's allegations (ECF No. 7) and proceeded to discovery pursuant to the Court's Scheduling Order. LVNV mailed Harper interrogatories and requests for production of documents, which went unanswered. ECF No. 13-2. Discovery has since closed and LVNV moved for summary judgment. ECF No. 13.

## II.   LEGAL STANDARD

A party is entitled to summary judgment if there exists no genuine dispute over any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To avoid summary judgment, the opposing party must come forward with specific facts in dispute that are material and of a substantial nature. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995)). Further, "[a]lthough *pro se* litigants are to be given some latitude, the above standards apply to everyone. Thus, as courts have recognized repeatedly, even a *pro se* party

2

may not avoid summary judgment by relying on bald assertions and speculative arguments." *Smith v. Vilsack*, 832 F. Supp. 2d 573, 580 (D. Md. 2011).

### III. DISCUSSION

Harper says LVNV violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*, and § 3-203 of the Uniform Commercial Code ("UCC"). He requests compensatory and punitive damages and an order directing LVNV to remove a "fraudulent account" from his Experian and Equifax credit files.

Reading the Complaint liberally, it appears that Harper accuses LVNV of reporting false information to credit reporting agencies. *See* ECF No. 1.[1] To the extent Harper wishes the Court order LVNV to remove the information from his credit file, Harper must show "some inaccuracy or falsity with respect to LVNV's attempts to collect [his] debt." *Frazier v. LVNV Funding, LLC*, Civ. No. 21-2936-JKB, 2023 WL 3168350, at *4 (D. Md. Apr. 28, 2023) (citing 15 U.S.C. § 1681e). This he cannot do: Since Harper did not participate in discovery or otherwise submit any evidence with his Complaint, there is no evidence of inaccuracy or falsity on his credit file, let alone any false or inaccurate information attributable to LVNV.

What Harper really wants is damages. Putting aside the question of whether there is a private right of action under each statute Harper claims LVNV violated, Harper lacks standing to sue for damages for violations of the FDCPA, FCRA, GLBA, and UCC. "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 433 (2021). Harper fails to allege any injury resulting from inaccuracies on his credit file, which is fatal to his Complaint. *Id.* (plaintiffs lacked

---

[1] For context, LVNV is a debt collection agency. *LVNV Funding*, https://www.lvnvfunding.com [perma.cc/7R8U-8SS4]; *see Frazier v. LVNV Funding, LLC*, Civ. No. 21-2936-JKB, 2023 WL 3168350, at *4 (D. Md. Apr. 28, 2023).

Article III standing when they alleged their credit files contained inaccurate information, but could not show the information was ever disseminated to third-party businesses); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (explaining that jurisdictional issues must be raised by the Court sua sponte).

The Complaint, therefore, standing on its own, relies on "bald assertions" and cannot survive LVNV's motion. *Smith*, 832 F. Supp. 2d at 580. Accordingly, the Court **GRANTS** summary judgment in favor of LVNV.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** LVNV's Motion for Summary Judgment (ECF No. 13).

A separate Order will **ISSUE**.

November 14, 2024

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE